IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-137-JJF |
| | : | |
| JEFFREY GRAY, | : | |
| a/k/a "Dahmer," | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States, through undersigned counsel, hereby moves the Court to consider the following jury instructions. The government also reserves the right to request a modification of the instructions herein provided or to request any other such additional instructions suggested by the evidence.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Ilana H. Eisenstein
Assistant United States Attorney
1007 N. Orange Street, Suite 700
Wilmington, Delaware 19899
(302) 573-6277 x154

Dated:  May 9, 2008

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TRANSCRIPTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ROLE OF JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED . . . . . . . . . . . . . . . . . . . . . . . . . 18

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT . . . . . . . 19

NATURE OF THE INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

OPINION EVIDENCE (EXPERT WITNESS) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

DNA EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CREDIBILITY OF WITNESSES - LAW ENFORCEMENT OFFICERS . . . . . . . . . . . . . . . . . 24

CREDIBILITY OF WITNESSES – WITNESS WHO HAS PLEADED GUILTY TO SAME OR
RELATED OFFENSES, COOPERATING WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . 25

DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE . . . . . . . . . . . . . . . 26

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CONSCIOUSNESS OF GUILT (FLIGHT) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

PRIOR STATEMENT OF DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

SUMMARIES – NOT ADMITTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

SUMMARIES – ADMITTED (F.R.E 1006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

NATURE OF THE CHARGES INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

CONTROLLED SUBSTANCES - CONSPIRACY TO
POSSESS WITH INTENT TO DISTRIBUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

CONSPIRACY - SUCCESS IMMATERIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CONSPIRACY - EXISTENCE OF AN AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

OBJECTIVE OF CONSPIRACY - POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED
SUBSTANCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

CONTROLLED SUBSTANCES - POSSESSION DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . 39

CONTROLLED SUBSTANCES - CONTROLLED SUBSTANCES DEFINED . . . . . . . . . . . . 40

CONTROLLED SUBSTANCES OFFENSES –
KNOWINGLY OR INTENTIONALLY DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

CONSPIRACY - MEMBERSHIP IN THE AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

CONSPIRACY - MENTAL STATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

CONSPIRACY - ACTS AND STATEMENTS OF CO-CONSPIRATORS . . . . . . . . . . . . . . . 44

ATTEMPT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

INTENT TO DISTRIBUTE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING
CRIME (18 U.S.C. § 924(c)(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

"IN FURTHERANCE" DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

MONEY LAUNDERING – ELEMENTS OF THE OFFENSE
(18 U.S.C. §1956(a)(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

MONEY LAUNDERING – CONDUCTING A FINANCIAL TRANSACTION DEFINED . . . . 51

MONEY LAUNDERING – "INTERSTATE COMMERCE" DEFINED . . . . . . . . . . . . . . . . . . . .  52

MONEY LAUNDERING – PROCEEDS OF A
  SPECIFIED UNLAWFUL ACTIVITY DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  53

MONEY LAUNDERING – KNOWLEDGE THAT PROPERTY REPRESENTS PROCEEDS OF
SOME FORM OF UNLAWFUL ACTIVITY, DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  54

MONEY LAUNDERING – INTENT TO PROMOTE DEFINED . . . . . . . . . . . . . . . . . . . . . . . .  55

FELON IN POSSESSION OF A FIREARM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  56

STIPULATION REGARDING DEFENDANT'S PRIOR FELONY CONVICTION . . . . . . . . . .  57

"FIREARM" - DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  58

"KNOWINGLY" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  59

"POSSESSION" DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  60

"INTERSTATE COMMERCE" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  62

DELIBERATIONS AND VERDICT INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  63

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  64

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  65

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  66

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  67

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  68

## PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### Duty of the Jury

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1.     Statements, arguments, and questions by lawyers are not evidence.

2.     Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

Rules For a Criminal Case

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent unless proven guilty.  The indictment against the defendant brought by the government is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts with a clean slate.

Second, the burden of proof is on the government throughout the case.  A defendant does not have the burden of proving his innocence, or to present any evidence, or to testify.  Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

2

Third, in order to prove the defendant guilty, the government must prove his guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

Summary of Applicable Law

In this case the defendant is charged in a five-count indictment.

Count I charges the defendant with conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine.

Count II charges the defendant with attempted possession with the intent to distribute of more than 500 grams of cocaine.

Count III charges the defendant with possession of a firearm in furtherance of a drug trafficking crime.

Count IV charges the defendant with money laundering.

Count V charges the defendant with possession of a firearm by a convicted felon.

I will give you detailed instructions at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must show to prove its case.

With respect to Count I, in order to prove the crime of conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine, the Government must prove the following four essential elements beyond a reasonable doubt:

3

1.  *First*, that two or more persons agreed to distribute or to possess with the intent to distribute a controlled substance;

2.  *Second*, that the defendant was a party to or member of that agreement;

3.  *Third*, that the defendant joined the agreement or conspiracy knowing of its objective to distribute or to possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

4.  *Fourth*, that the overall scope of the conspiracy involved 5 kilograms or more of cocaine.

With respect to Count II, in order to prove the crime of attempted possession with the intent to distribute more than 500 grams of cocaine, the government must prove the following essential elements beyond a reasonable doubt:

1.  *First*, that the defendant intended to commit the crime of possession with the intent to distribute 500 grams or more of cocaine; and

2.  *Second*, that the defendant performed an act constituting a substantial step toward the possession with the intent to distribute 500 grams or more of cocaine, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to Count III, in order to prove the crime of possession of a firearm in furtherance of a drug trafficking crime, the government must establish beyond a reasonable doubt each of the following elements:

1.  *First*, that the defendant committed the crime of conspiracy to distribute, and to possess with intent to distribute, cocaine, as charged in Count I of the indictment;

2.  *Second*, that the defendant knowingly possessed a firearm in furtherance of this crime; and

3.  *Third,* if you find the defendant possessed the firearm, you must consider whether the possession was in furtherance of the crime of conspiracy to distribute and to possess with intent to distribute cocaine.

With respect to Count IV, in order to prove the crime of money laundering, the government must establish beyond a reasonable doubt each of the following elements:

1.  *First*, that the defendant conducted a financial transaction involving property constituting the proceeds of specified unlawful activity, namely the distribution of cocaine, or used a facility in interstate and foreign commerce to promote an unlawful activity.

2.  *Second,* that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

3.  *Third*, that the defendant acted with the intent to promote the carrying on of specified unlawful activity, namely the distribution of cocaine.

With respect to Count V, in order to prove the crime of possession of a firearm by a convicted felon, the government must establish beyond a reasonable doubt each of the following elements:

5

1.  *First*:  That the defendant had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

2.  *Second*:  That the defendant knowingly possessed the firearm charged in Count One of the Indictment, and;

3.  *Third*:  That the firearm was in or affected interstate commerce before coming into the defendant's possession..

What I have just told you is only a preliminary outline of the elements of the offenses charged. At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law.  Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, even with each other.  If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any conclusion about the matters in issue until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes.  If you do take notes, leave them in the jury room when you leave at night.  And remember that they are for your own personal use – they are not to be given or read to anyone else.

Course of the Trial

The trial will now begin.  First, the prosecutor will make an opening statement, which is simply an outline to help you understand the evidence as it comes in.  Next, the defendant's attorney may, but does not have to, make an opening statement.  Opening statements are neither evidence not arguments.

The government will then present its witnesses and counsel for the defendant may cross-examine them.  Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine.  After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law.  After that, you will retire to deliberate on your verdict.

## STIPULATIONS

(Following Introduction of Stipulation during Trial)

The Government and the defendant have agreed that the stipulated facts true. You should therefore treat these as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

Model Criminal Jury Instructions, 3d Circuit, § 2.03.

8

**TRANSCRIPTS**
(Preceding the Introduction of Audio/Visual Recordings during Trial)

You are about to hear (audio)(video) recordings that were received in evidence, and you will be given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They are being given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you notice any differences between what you hear in the recordings and what you read in the transcripts, you must rely on what you hear, not what you read. And if you cannot hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must decide who is actually speaking in the recording. The names on the transcript are used simply for your convenience.

Model Criminal Jury Instructions, 3d Circuit, § 2.07.

## ROLE OF JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Model Criminal Jury Instructions, 3d Circuit, § 3.01.

10

## EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits;

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties; and

(4) Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case.

Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Model Criminal Jury Instructions, 3d Circuit, § 3.02.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence have been used in this trial, "direct evidence" and "circumstantial evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

14

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

Model Criminal Jury Instructions, 3d Circuit, § 3.03.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Criminal Jury Instructions, 3d Circuit, § 3.04.

### NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

[*In this case, the defendant presented evidence and produced witnesses.*]  The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

Model Criminal Jury Instructions, 3d Circuit, § 3.05.

## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with him unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Model Criminal Jury Instructions, 3d Circuit, § 3.06.

## NATURE OF THE INDICTMENT

As you know, the defendant is charged in the Indictment with violating federal law, specifically with:

1.    Conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine;

2.    Attempted possession with intent to distribute 500 grams or more of cocaine;

3.    Possession of a firearm in furtherance of a drug trafficking crime;

4.    Money laundering; and

5.    Possession of a firearm by a convicted felon.

As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An Indictment is simply a description of the charges against a defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Model Criminal Jury Instructions, 3d Circuit, § 3.07.

## OPINION EVIDENCE (EXPERT WITNESS)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from **[Name of expert(s)]** as an expert in DNA analysis and forensic chemistry. Because of the expert's knowledge, skill, experience, training, or education in the field of forensic chemistry, **[Name of expert(s)]** was permitted to offer opinions in that field and the reasons for those opinions.

The opinions of this [these] witness(es) should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that **[name of expert(s)]** opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

Model Criminal Jury Instructions, 3d Circuit, § 4.08.

## DNA EVIDENCE

When the identity of the person who committed a crime is in question, the parties may introduce DNA evidence to try to prove who committed the crime.  To do this, a party may present a "known" sample of a person's DNA, one that is (proved)(admitted) to come from that person.  This known DNA sample is then compared with any disputed evidence of DNA being introduced in order to prove who committed the crime.  In this case Jeffrey Gray submitted a  "known" sample of DNA and the disputed evidence is the DNA found on the firearm.

In this case you also heard the testimony of a witness, [name of expert(s)] who claim[s] special qualification in the field of DNA analysis and forensic chemistry.  The witness[es] was/[were] allowed to express an opinion in order to help you decide whether the disputed DNA on the firearm is Jeffrey Gray's DNA.  You may therefore consider the witness' opinion in reaching your independent decision on this issue.

Model Criminal Jury Instructions, 3d Circuit, § 4.13

## CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICERS

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Model Criminal Jury Instructions, 3d Circuit, § 4.18.

## CREDIBILITY OF WITNESSES – WITNESS WHO HAS PLEADED GUILTY TO SAME OR RELATED OFFENSES, COOPERATING WITNESSES

You have heard evidence that [ROBERT SHEPARD] and [BRADLEY TORRENCE] is [are] an alleged co-conspirator, someone who says he participated in the crime charged; and has [have] made a plea agreement with the government.

[ROBERT SHEPARD] and [BRADLEY TORRENCE]'s testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who was a co-conspirator who reached a plea bargain with the government, received a benefit from the government, but you should consider the testimony of [ROBERT SHEPARD] and [BRADLEY TORRENCE] with great care and caution. In evaluating [ROBERT SHEPARD] and [BRADLEY TORRENCE]'s testimony, you should consider this factor along with the others I have called to your attention. Whether or not his testimony may have been influenced by the plea agreement and alleged involvement in the crime charged is for you to determine. You may give his testimony such weight as you think it deserves.

Further, you must not consider [ROBERT SHEPARD] and [BRADLEY TORRENCE]'s guilty plea(s) as any evidence of Jeffrey Gray's guilt. [ROBERT SHEPARD] and [BRADLEY TORRENCE]'s decision to plead guilty was a personal decision about his own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that the defendant has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he testified. You may consider [ROBERT SHEPARD] and [BRADLEY TORRENCE]'s guilty plea only for these purposes.

Model Criminal Jury Instructions, 3d Circuit, § 4.19.

**DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE** [if applicable]

The defendant, Jeffrey Gray, did not testify and did not present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Model Criminal Jury Instructions, 3d Circuit, § 4.27.

26

## **DEFENDANT'S TESTIMONY** [if applicable]

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

Model Criminal Jury Instructions, 3d Circuit, § 4.28.

## CONSCIOUSNESS OF GUILT (FLIGHT)

You have heard testimony that after the crime was supposed to have been committed, Jeffrey Gray fled from police on October 30, 2006.

If you believe that the defendant fled from police on October 30, 2006, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may flee from police for some other reason. Whether or not this evidence causes you to find that the defendant was conscious of his guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts.

Model Criminal Jury Instructions, 3d Circuit, § 4.30.

## **PRIOR STATEMENT OF DEFENDANT**

The government introduced evidence that the defendant made statements to Special Agent Raymond Greene of the IRS and Special Agent Mark McHugh of the DEA. You must decide whether the defendant did in fact make the statements. If you find that the defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning the defendant himself, and the circumstances under which the statements were made.

Model Criminal Jury Instructions, 3d Circuit, § 4.32.

## SUMMARIES – NOT ADMITTED [if applicable]

The government presented certain charts and summaries in order to help explain facts disclosed which were admitted as evidence in the case. The charts and summaries are not themselves evidence or proof of any facts.  If the chats and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

Model Criminal Jury Instructions, 3d Circuit, § 4.10.

## **SUMMARIES – ADMITTED (F.R.E 1006)** [if applicable]

Certain charts and summaries offered by the government were admitted as evidence. You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

Model Criminal Jury Instructions, 3d Circuit, § 4.11.

31

## NATURE OF THE CHARGES INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crimes charged were committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for their crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

## CONTROLLED SUBSTANCES - CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE

Count I of the indictment charges that from in or around January 2005, and continuing up to on or about October 30, 2006, in the District of Delaware, the Eastern District of Pennsylvania, and elsewhere, the defendant agreed or conspired with one or more other persons to distribute or to possess with the intent to distribute more than five kilograms of cocaine, a controlled substance.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to distribute and to possess with the intent to distribute, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

1.  *First*, that two or more persons agreed to distribute or to possess with the intent to distribute a cocaine, a controlled substance. I will explain the elements of this offense to you shortly;

2.  *Second*, that the defendant was a party to or member of that agreement;

3.  *Third*, that the defendant joined the agreement or conspiracy knowing of its objective to distribute or to possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

4.  *Fourth*, that the overall scope of the conspiracy involved 5 kilograms or more of cocaine.

33

I will explain these elements in more detail.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.846B

## CONSPIRACY – SUCCESS IMMATERIAL

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find the defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually distributed or possessed with the intent to distribute more than 5 kilograms of cocaine. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

## CONSPIRACY -- EXISTENCE OF AN AGREEMENT

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, that is, to distribute or to possess with the intent to distribute cocaine.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

Model Criminal Jury Instructions, 3d Circuit, § 6.18.371C.

36

## OBJECTIVE OF CONSPIRACY – POSSESSION WITH INTENT
## TO DISTRIBUTE CONTROLLED SUBSTANCES

The Government alleges that the defendant agreed to work together with another individual to achieve the overall objectives of the conspiracy, that is, to distribute or to possess with the intent to distribute 5 kilograms or more of cocaine.

The crime of distribution of cocaine has three elements

- *First,* distribution of a mixture or substance containing a controlled substance;

- *Second,* that the distribution of the controlled substance was knowing or intentional;

- *Third,* that the controlled substance was cocaine.

The crime of possession with intent to distribute cocaine has four essential elements:

- *First,* possession of a controlled substance;

- *Second,* that the controlled substance was to be possessed knowingly or intentionally;

- *Third,* that the defendant intended to distribute the controlled substance;

- *Fourth,* that the controlled substance was cocaine;

Let me remind you of an important point. The offense you are to consider that is charged in Count I is not the actual distribution or possession with intent to distribute cocaine. You do not have to find that the defendant actually distributed or possessed with the intent to distribute cocaine, only that he conspired to do so. I have instructed you here as to the elements of actual distribution and possession with the intent to distribute so that you may understand the object of the alleged conspiracy – that is, the crime that the defendant is alleged to have conspired to commit.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841A (modified).

## **UNANIMITY**

Your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count I.

Count I charges the defendant with committing the crime of conspiracy in two different ways. The first is that the defendant knowingly conspired to distribute cocaine. The second is that the defendant knowingly conspired to possess with the intent to distribute cocaine.

The government does not have to prove each of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one or the other is enough. But in order to return a guilty verdict, all twelve of you must agree that the same objective of the conspiracy has been proven.  Thus to find the defendant guilty of Count I, all of you must agree that the government proved beyond a reasonable doubt that the defendant knowingly conspired to distribute cocaine; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant knowingly conspired to possess with intent to distribute cocaine, or both.

Fifth Circuit Pattern Instruction § 1.25

38

## CONTROLLED SUBSTANCES – POSSESSION DEFINED

To prove Count One of the Indictment, the government must establish that the defendant conspired to possess with the intent to distribute cocaine. In deciding whether the defendant agreed to possess cocaine, you should know that to "possess" a controlled substance means to have it within a person's control. A defendant may possess an item if he physically holds the controlled substance, that is, has actual possession of it. A defendant may also possess an item if the controlled substance is within the defendant's control. A defendant may either have actual possession of a controlled substance, or have the power and intention to exercise control over it, even though it is not in the defendant's physical possession - that is, that the defendant has the ability to take actual possession of the substance when the defendant wants to do so. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that the defendant had such power and intention, then he agreed to possess the controlled substance even if he agreed to possess it jointly with another.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841A (modified).

39

## **CONTROLLED SUBSTANCES – CONTROLLED SUBSTANCE DEFINED**

You are instructed that, as a matter of law, cocaine is a controlled substance, that is, some kind of prohibited drug.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841-3.

## CONTROLLED SUBSTANCES OFFENSES –
## KNOWINGLY OR INTENTIONALLY DEFINED

To act knowingly, as used in the offense charged, means that the defendant was conscious and aware that he was engaged in the acts charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that the defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that the defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that the defendant knew that he agreed to possess with the intent to distribute a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the overall scope of the conspiracy involved 5 kilograms of more of cocaine. However, as long as you find that the government proved beyond a reasonable doubt that the defendant knew that what he agreed to possess was a controlled substance, you need not find that the defendant knew that what he agreed to possess was cocaine and that the weight of the controlled substance was 5 kilograms or more.

In deciding whether the defendant agreed to act "knowingly or intentionally," to posses cocaine you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841-4. (Modified)

41

## CONSPIRACY – MEMBERSHIP IN THE AGREEMENT

If you find that a criminal agreement or conspiracy existed to possess with the intent to distribute 5 kilograms or more of cocaine, then in order to find the defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

Model Criminal Jury Instructions, 3d Circuit, § 6.18.371D.

## <u>CONSPIRACY – MENTAL STATES</u>

In order to find the defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove (1) that the defendant knew of the objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that the defendant had the required intent or purpose that the conspiracy's objective be achieved.

Model Criminal Jury Instructions, 3d Circuit, § 6.18.371E.

## CONSPIRACY – ACTS AND STATEMENTS OF CO-CONSPIRATORS

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendant, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Model Criminal Jury Instructions, 3d Circuit, § 6.18.371K.

44

## ATTEMPT

The defendant is charged in Count II with attempt to commit the crime of possession with the intent to distribute 500 grams or more of cocaine. An attempt to possess with the intent to distribute 500 grams or more of cocaine is a federal crime even though the defendant did not actually complete the crime of possessing with the intent to distribute 500 grams or more of cocaine.

In order to find the defendant guilty of attempted possession with the intent to distribute 500 grams or more of cocaine, you must find that the government proved beyond a reasonable doubt each of the following two (2) elements:

1.   *First*, that the defendant intended to commit the crime of possession with the intent to distribute 500 grams or more of cocaine, as I have already described that offense; and

2.   *Second*, that the defendant performed an act constituting a substantial step toward the commission of possessing with the intent to distribute 500 grams or more of cocaine, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to possess with the intent to distribute 500 grams or more of cocaine merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to possess with the intent to distribute 500 grams or more of cocaine merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to possess with the intent to

45

distribute 500 grams or more of cocaine. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

Model Criminal Jury Instructions, 3d Circuit, § 7.01

## INTENT TO DISTRIBUTE DEFINED

In order to find the defendant guilty of attempt to possess with the intent to distribute a controlled substance, as charged in Count II of the indictment, you must find that the government proved beyond a reasonable doubt that the defendant intended to possess with the intent to distribute a controlled substance. To find intent to distribute, you must find that the defendant had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether the defendant had the intent to distribute cocaine, you may consider all the facts and circumstances shown by the evidence presented, including the defendant's words and actions. In determining the defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841-5.

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**

**(18 U.S.C. § 924(c)(1))**

Count III of the Indictment charges the defendant, Jeffrey Gray, with possessing a firearm in furtherance of a drug trafficking crime, which is a violation of federal law. The offense alleged in Count I, conspiracy to distribute and to possess with intent to distribute cocaine, is a drug trafficking crime.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

1.  *First*: That the defendant committed the crime of conspiracy to distribute and to possess with intent to distribute cocaine as charged in Count I of the indictment; and

2.  *Second*: That the defendant knowingly possessed a firearm in furtherance of this crime. If you find the defendant possessed the firearm, you must consider whether the possession was in furtherance of conspiracy to distribute and possess with intent to distribute cocaine.

Model Criminal Jury Instructions, 3d Circuit, 6.18.924A.

48

## "IN FURTHERANCE" DEFINED

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the conspiracy to distribute and possess with intent to distribute cocaine.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. The firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help you determine whether possession of a firearm furthers a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. whether the defendant possesses the firearm legally or illegally;

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

Model Criminal Jury Instructions, 3d Circuit, 6.18.924A-1

## MONEY LAUNDERING – ELEMENTS OF THE OFFENSE
## (18 U.S.C. §1956(a)(1))

Count IV of the Indictment charges the defendant, Jeffrey Gray, with money laundering, which is a federal crime.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

1.  *First*: That on or about the dates alleged in the indictment, the defendant conducted or attempted to conduct a financial transaction, which affected interstate commerce;

2.  *Second*: That the defendant conducted the financial transaction with the proceeds of a specified unlawful activity, that is, the distribution of cocaine

3.  *Third*: That the defendant knew the transaction involved the proceeds of some form of unlawful activity; and

4.  *Fourth*: That the defendant intended to promote the carrying on of the specified unlawful activity, that is the distribution of cocaine.

Model Criminal Jury Instructions, 3d Circuit, 6.18.1956A

## MONEY LAUNDERING – CONDUCTING A FINANCIAL TRANSACTION DEFINED

The first element the government must prove beyond a reasonable doubt, as to count IV, is that the defendant conducted or attempted to conduct a financial transaction.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The term "transaction" means a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means any "transaction," as I just explained that term , which in any way or degree affects interstate commerce and involves one or more monetary instruments.

The use of drug proceeds to purchase illegal narcotics, such as cocaine, is a "financial transaction."


Model Criminal Jury Instructions, 3d Circuit, 6.18.1956-1; *United States v. Burgos*, 254 F.3d 8, 13 (1st Cir. 2001) (finding sufficient evidence to support money laundering conviction based on the defendant's attempted to purchase two kilograms of cocaine for $44,000 in cash, where there was evidence that the cash was, in part, proceeds of narcotics distribution); *United States v. Reed*, 77 F.3d 139, 142 (6th Cir. 1996) (en banc) ("[G]iving drug proceeds to a courier is both a transfer and a delivery and involves the movement of funds by means of the courier, which satisfies the definition of "financial transaction" found in § 1956(c)(4)(A)(i).").

51

## MONEY LAUNDERING – "INTERSTATE COMMERCE" DEFINED

The term "interstate commerce," as used in these instructions, means commerce between any combination of states, territories or possessions of the United States

Model Criminal Jury Instructions, 3d Circuit, 6.18.1956-2.

52

## MONEY LAUNDERING – PROCEEDS OF A SPECIFIED UNLAWFUL ACTIVITY

## DEFINED

The term "proceeds," as used in these instructions, means any property, or any interest in property, that someone acquires or retains as a result of criminal activity. Proceeds may be derived from an already completed offense or from a completed phase of an ongoing offense, such as the distribution of cocaine.

The government is not required to prove that all of the funds involved in the charged transactions were the proceeds of the specified unlawful activity. It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of a specified unlawful activity.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes a the distribution of cocaine, as charged in this case.

Model Criminal Jury Instructions, 3d Circuit, 6.18.1956-3.

## MONEY LAUNDERING – KNOWLEDGE THAT PROPERTY REPRESENTS PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY, DEFINED

The third element that the government must prove beyond a reasonable doubt, as to Count IV, is that in conducting a financial transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity. To satisfy this element, the government must prove that the defendant knew the property involved in the transaction represented proceeds from some form of unlawful activity that is a felony offense under state, federal, or foreign law. The government is not required to prove that the defendant knew what the unlawful activity was.

In this case, the government claims that the defendant knew that the proceeds were derived from the distribution of cocaine which is a felony under federal law.

Model Criminal Jury Instructions, 3d Circuit, 6.18.1956-4

54

## MONEY LAUNDERING – INTENT TO PROMOTE DEFINED

The final element that the government must prove beyond a reasonable doubt is that the defendant, in conducting the financial transactions, intended to promote the carrying on of the specified unlawful activity, that is the distribution of cocaine.

Whether the defendant intended to promote the carrying on of the distribution of cocaine may be established by proof of the defendant's actual knowledge; by circumstantial evidence; or by the defendant's willful blindness. In other words, you are entitled to find from the circumstances surrounding the financial transactions or attempted financial transactions the purpose of that activity and the defendant's knowledge.

Model Criminal Jury Instructions, 3d Circuit, 6.18.1956-5.

## FELON IN POSSESSION OF A FIREARM

Count V of the Indictment charges the defendant, Jeffrey Gray, with being a felon in possession of a firearm, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

1.  *First*:  That the defendant had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

2.  *Second*:  That the defendant knowingly possessed the firearm charged in Count One of the Indictment, and;

3.  *Third*:  That the firearm was in or affected interstate commerce before coming into the defendant's possession.

United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

## STIPULATION REGARDING
## DEFENDANT'S PRIOR FELONY CONVICTION

With regard to the first element, the existence of a prior felony conviction, the parties have stipulated that the defendant was convicted of a crime in the Superior Court in and for New Castle County, in the State of Delaware, and that this crime was punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time the defendant is alleged to have possessed the firearm charged in Count V of the Indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose, nor may you speculate as to what it was for.

## "FIREARM" – DEFINED

A firearm is any weapon which will, or is designed to, or may readily be converted to expel a projectile by action of an explosive.

18 U.S.C. § 921(a)(3).

## "KNOWINGLY" – DEFINED

The Government must prove that the defendant acted "knowingly." This means that the defendant acted purposely and voluntarily, and not by accident or mistake.

The Government must also prove that the defendant knew that the weapon he is charged with possessing was a firearm, as we commonly use the word. However, the Government is not required to prove that the defendant knew that he could not lawfully possess a firearm, or that the defendant possessed the firearm with the intent to cause harm.

2B O'Malley, et al., Federal Jury Practice and Instructions, § 64.15; United States v. Barbosa, 271 F.3d 438, 458 (3d Cir. 2001); United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

## "POSSESSION" DEFINED

Next, you must find that the defendant possessed the firearm. I want to explain something about possession. The Government does not necessarily have to prove that the defendant physically possessed the firearm charged in the Indictment for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict. Proof of ownership of the firearm is not required.

To establish actual possession, the Government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the Government must prove that the defendant knowingly had the power to exercise dominion or control over the firearm and that he had the intention to exercise dominion or control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not automatically equal possession. The Government must prove that the defendant had actual or constructive possession of the firearm charged in the Indictment, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The law recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.10, United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992); 1A O'Malley, et al., Federal Jury Practice and Instructions, §16.05.

## "INTERSTATE COMMERCE" – DEFINED

To satisfy the third element, the Government must prove that at some point prior to the defendant's possession of the firearm charged in Count V of the Indictment, the firearm was in or affected interstate commerce. It is sufficient for the Government to satisfy this element by proving that at any time prior to the date charged in the Indictment, the firearm crossed a state line. It is not necessary that the Government prove that the defendant himself carried the firearm across a state line, nor must the Government prove who carried the firearm across a state line nor how the firearm was transported across a state line. It is also not necessary for the Government to prove that the defendant knew that the firearm had previously traveled through interstate commerce.

Proof that a firearm was manufactured outside of Delaware and traveled into Delaware is sufficient to satisfy this element.

The parties have stipulated that the firearm identified in Count V of the Indictment was in or affected interstate commerce.

2 L. Sand, *et al.*, Modern Federal Jury Instructions at 35-50; Scarborough v. United States, 431 U.S. 563, 567 (1977); United States v. Singletary, 268 F.3d 196, 198, 200 (3d Cir. 2001).
-4

## <u>DELIBERATIONS AND VERDICT INTRODUCTION</u>

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, §8.01 (2005).

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt as to that Count.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt as to that Count.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to each of the Counts in the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, §8.03 (2005).

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt with respect to each Count.

Pattern Criminal Jury Instructions, 6th Circuit, §8.04 (2005).

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.05 (2005).

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved a particular charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against her beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, §8.06 (2005)

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.09 (2005).